IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY JONES, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:17-cv-00927 |
| CEMEX, INC., | § § | JURY DEMANDED |
| Defendant, | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Anthony Jones ("Plaintiff"), files this Original Complaint against Cemex, Inc., (hereinafter "CEMEX" or "Defendant") and for cause of action would show the following:

### I.
### PARTIES

1. Plaintiff, Anthony Jones, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant CEMEX Inc. is a Foreign For-Profit Corporation and may be served with process through its registered agent, Corporate Creations Network, Inc., 2425 W Loop South, Suite 200, Houston, Texas 77027, via certified mail, return receipt requested. Plaintiff has requested a waiver of summons from Defendant at this time.

## II.
### JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.).

4.  Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  On September 28, 2015, Plaintiff filed a charge of discrimination based on age discrimination and retaliation with the U.S. Equal Employment Opportunity Commission; Charge No. 460-2015-04268. Subsequently, on December 29, 2016, the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff his Notice of Right Sue. *See* Exhibit A. Plaintiff files this lawsuit within ninety (90) days of receiving his Notice of Right to Sue and his lawsuit is, therefore, timely filed.

## IV.
### BACKGROUND AND FACTS

6.  Anthony Jones was employed by CEMEX as a Driver, Concrete Batchman and Supervisor from August 29, 2011 until his termination date on March 31, 2015. Mr. Jones made an immediate impact with the Company receiving positive feedback and praise from his supervisors.

7.      Mr. Jones' supervisors were so impressed with him that he was promoted to the position of Batchman after just a few months.  Despite his early success, his future at CEMEX was irreparably damaged when he began reporting to Mr. Clarence Turner at the Company's Moislee and Cutten Road Plants.

8.      Mr. Turner made it clear from the outset that Mr. Jones was not welcome in his department.  Mr. Turner consistently denied even the most insignificant request and wasted no opportunity to belittle the work that Mr. Jones was doing.  At the time, Mr. Jones attributed Mr. Turner's quips to poor management skills or a simple difference in personality.  It soon became clear that Mr. Turner's issues were focused on Mr. Jones' age and physical characteristics.

9.      At fifty years old, Mr. Jones was one of the oldest employees in his department.  While he had no problem with any of his co-workers, he grew concerned in October of 2013 when Mr. Turner began to reduce his hours in favor of younger staff members with far less experience.  He attempted to resolve this issue with Mr. Turner directly by pointing out the decline in his hours relative to his colleagues.  Mr. Turner dismissed his concerns without reviewing any of the practices that he identified.  Despite policies prohibiting discrimination at CEMEX, Mr. Turner continued to target Mr. Jones by reducing his hours because of his age.

10.     In April of 2014 Mr. Turner callously remarked that Mr. Jones "moved and worked like an old man" in front of Mr. Jones' colleagues and subordinates.  He continued to single Mr. Jones out in August of 2014 by requiring him to submit photographs for each task that he performed and threatened to write him up for using the time clock at the Moislee Plant.  None of Mr. Jones' younger colleagues were required to submit photographs in this fashion or experienced discipline simply for using the timeclock at this facility.

11. After making several attempts to improve things on his own, Mr. Jones reluctantly decided to report his concerns to Human Resources. On August 6, 2014 he contacted Ms. Kristen Baxter, H.R. Manager for CEMEX. In his complaint he detailed Mr. Turner's pattern of hostility including his comments about his age and physical characteristics. He also described how Mr. Turner reduced his hours and consistently held him to a different standard than his younger colleagues. After their discussion, Ms. Baxter was so appalled that she decided to visit the facility to personally investigate the situation. During her site visit she assured Mr. Jones that he would not suffer any retaliation for reporting these concerns.

12. Mr. Jones had several reasons to be concerned about retaliation from Mr. Turner. He had become familiar with his supervisor's track record of 'settling scores' against other employees for making similar reports. He also relied on his CEMEX medical benefits so that his special-needs daughter could receive the treatment and care that she needed. In spite of his documented reports to H.R., Mr. Turner continued to single him out and reduce his hours in favor of younger staff members. As instructed by Ms. Baxter, he continued to report discrimination both internally and directly to Mr. Turner.

13. On March 10, 2015, Mr. Jones submitted his final complaint to Mr. Turner reporting that his weekly hours had been reduced to a level that required him to work weekends to make up what time. Consistent with his previous reports, Mr. Jones presented Mr. Turner with facts demonstrating that his younger colleagues were given priority on the schedule in violation of the Company's policies.

14. Frustrated by the Company's inaction on his discrimination complaint, Mr. Jones accepted a promotion that would allow him to transfer to a new department under different

supervision. Unfortunately, his concerns about retaliation were realized in March of 2015 when Mr. Turner accused him of violating Company policy. Mr. Jones denied violating any company policy and requested that Mr. Turner substantiate the allegations against him.

15. Despite his exemplary record and significant questions about the timing of these allegations, Mr. Jones was abruptly terminated on March 31, 2015. The handling of Mr. Jones' termination was inconsistent with the Company's progressive discipline policy and clearly in retaliation for reporting discrimination. Significantly, Mr. Jones was fired just one day before he was scheduled to begin his new position on April 1, 2015.

## V.
## COUNT 1: AGE DISCRIMINATION

16. The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits discrimination against any employee with respect to any term, condition or privilege of employment based on age.

17. Pursuant to 29 U.S.C. § 623, Anthony Jones pleads a cause of action against Defendant CEMEX for age discrimination.

18. The allegations contained in all paragraphs of this Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

19. Defendant CEMEX intentionally engaged in unlawful employment practices involving Plaintiff by reducing his hours in favor of younger employees, singling him out for discipline, denying him an internal transfer and terminating his employment because of his age.

20. Plaintiff alleges that he experienced discrimination in the form of degrading comments, reduced hours and was disciplined in a manner that greatly exceeded his younger colleagues.

Mr. Jones was ultimately terminated following an investigation into his claims conducted by the Defendant's Human Resources Department.

21. Plaintiff alleges that he was subjected to harassment and terminated from his position due to his age in violation of the Age Discrimination in Employment Act.

## VI.
## COUNT 2: RETALIATION IN VIOLATION OF THE ADEA

22. The Age Discrimination in Employment Act prohibits retaliation against a person who has opposed discrimination by filing a charge, participating or testifying in an investigation, proceeding or litigation. *See* 29 U.S.C. § 623(d).

23. Pursuant to 29 U.S.C. § 623(d) Plaintiff Anthony Jones pleads a cause of action against Defendant CEMEX for retaliation.

24. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

25. Mr. Jones engaged in protected activity by reporting his supervisor's discriminatory comments and actions to the Human Resources department at CEMEX. In his report he detailed how his supervisor was depriving him of assignments, hours and shifts in favor of his younger colleagues. As a result of his report, his supervisor continued to reduce his hours, harass him and ultimately terminated his employment. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

26. Plaintiff alleges that Defendant retaliated against him by engaging in a pattern of harassment, depriving him of hours and shifts and ultimately terminated his employment in

violation of the Age Discrimination in Employment Act.

## VII.
### DAMAGES

27.   Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein.  Accordingly, Plaintiff is entitled to an award of actual, compensatory damages and/or liquidated damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court.

## VIII.
### JURY DEMAND

28.   Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## IX.
### PRAYER

29.   For the reasons set forth above, Plaintiff, Anthony Jones respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; attorneys fees, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,



Alfonso Kennard
Texas Bar No.: 24036888
Southern District No.: 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
Alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Ronald Dupree
Texas Bar No.: 24055433
Southern District No.: 1046738
2603 Augusta Drive, Suite 1450
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
Ronald.dupree@kennardlaw.com