United States District Court
Southern District of Texas

**ENTERED**

March 01, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-0927 |
| | § | |
| CEMEX, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge for all further pretrial proceedings is Defendant Cemex, Inc.'s Motion for Summary Judgment (Document No. 18). Having considered the motion, Plaintiff's Response (Document No. 20), Defendant's Reply (Document No. 22), all the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 18) be GRANTED.

### I.     Background

This is an employment discrimination case brought by Anthony Jones ("Jones") against his former employer, Cemex, Inc. ("Cemex") for age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), (d) ("ADEA"). Jones, who was hired by Cemex in 2011 as a driver, and was promoted to Batchman, alleges that Cemex discriminated against him on the basis of his age (50+) and retaliated against him when he complained about the discrimination. Jones alleges in his Complaint that after he began reporting to Clarence Turner he was given fewer working hours than his younger counterparts, he was singled out for discipline, and

was terminated in March 2015 after he complained to both Human Resources and Clarence Turner about the unfair treatment.

In its Motion for Summary Judgment, Cemex maintains that summary judgment is warranted on Jones' age discrimination and retaliation claims.  According to Cemex: (1) Jones was given as many working hours as his younger co-workers; (2) Jones was terminated for falsifying time records; (3) Jones has not and cannot show that someone younger than he was treated more favorably in terms of his termination; and (4) Jones never complained about discrimination and there is no evidence of any causal connection between his complaints of unfair treatment and his termination.  Jones responds that there are genuine issues of material fact on whether his termination was motivated by Turner's age-based animus towards him, and genuine issues of material fact on whether he would not have been terminated but for his complaints of discrimination to Human Resources and/or Turner.[1]

---

[1] Cemex also argues in the Motion for Summary Judgment that Jones has not and cannot state a hostile work environment claim, and that many of Jones' other particularized complaints of unfair treatment are either time barred or do not constitute adverse employment actions for purposes of an ADEA claim. *See* Cemex's Motion for Summary Judgment (Document No. 18) at 11-15, 24-25. Jones has not, in his response to Cemex's Motion for Summary Judgment, responded to any of those arguments. As such, Jones has waived or abandoned any such claim(s), *see Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (a claim or issue raised in a pleading but ignored on summary judgment may be considered waived and/or abandoned), *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("failure to pursue [a] claim beyond her complaint constituted abandonment"), and, for the reasons set forth in Cemex's Motion for Summary Judgment, summary judgment is warranted on those claims. *See e.g,, Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, 304 F. Supp. 3d 525, 540–41 (N.D. Tex. 2018) (where plaintiff failed to pursue her Title VII retaliation claim and her state law claims when responding to defendant's motion for summary judgment, those claims considered abandoned or waived and summary judgment for defendant on those claims was warranted).

## II.     Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of

a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the

moving party meets its burden,[2] the burden shifts to the nonmovant, "who must, by submitting or

referring to evidence, set out specific facts showing that a genuine issue exists that summary

judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d

377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may

not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact

issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set

forth specific facts showing the existence of a 'genuine' issue concerning every essential component

of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from

both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving

party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the

record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then

summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993)

(citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

### III.    Discussion – Disparate Treatment Discrimination under the ADEA

Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff asserting a claim under the ADEA can either offer direct evidence of age discrimination, or utilize the indirect, circumstantial method of proof first announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under either method, "the plaintiff has the burden of persuasion to show 'that age was the 'but-for' cause of [her] employer's adverse action.'" *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) (quoting *Gross v. FBL Financial Svcs. Inc.*, 557 U.S. 167, 177 (2009)). "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Gross*, 557 U.S. at 174. That means that a plaintiff in an ADEA case cannot prevail by showing an employer's "mixed-motive." *Id.* at 176.

"Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus. Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). For a statement to suffice as direct evidence of discrimination, the statement must directly suggest the existence of bias and it must not be subject to interpretation as anything other than a reflection of bias. *See Mooney v. Aramco Svcs. Co.*, 54

4

F.3d 1207, 1217 (5th Cir. 1995) (citing *Davis v. Chevron U.S.A. Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)); *see also Maestas v. Apple, Inc.*, 546 F. App'x 422, 427-28 (5th Cir. 2013) ("A comment demonstrates an employer's discriminatory intent if it is 'direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.'") (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010)). Here, there is no direct evidence of discrimination, and therefore, Jones must rely on the indirect, circumstantial evidence method of proving discrimination set forth in *McDonnell Douglas*.

Under the indirect, circumstantial evidence method of proof set forth in *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of discrimination. A *prima facie* case of age discrimination requires proof, in the context of a termination, that the plaintiff: "(1) [ ] was discharged; (2) [ ] was qualified for the position; (3) [ ] was within the protected class at the time of discharge; and (4) [ ] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Jackson,* 602 F.3d at 378. In the context of other employment actions that fall short of termination but can be considered "adverse employment actions," a plaintiff establishes a *prima facie* case of age discrimination with proof that: (1) he falls within the protected class – meaning that he is 40 years of age or older, (2) he is/was qualified for the position, (3) he suffered an adverse employment decision, and (4) he was "replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003), *aff'd on other grounds*, 544 U.S. 228 (2005). Once a *prima facie case* has been established, the burden shifts to the employer to articulate a

legitimate, non-discriminatory reason for its actions. *See McDonnell Douglas,* 411 U.S. at 802. If

the employer sustains its burden, the *prima facie* case is dissolved, and the burden shifts back to the

plaintiff to establish that the reason proffered by the employer is merely a pretext for discrimination.

*Id.* at 802-803; *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 992-993 (5th Cir. 1996). "A plaintiff

may show pretext 'either through evidence of disparate treatment or by showing that the employer's

proffered explanation is false or 'unworthy of credence.'" *Jackson,* 602 F.3d at 378-79 (citing *Laxton*

*v. Gap, Inc.,* 333 F.3d 572, 578 (5th Cir. 2003) and quoting *Reeves v. Sanderson Plumbing Prods.,*

*Inc.,* 530 U.S. 133, 143 (2000)). A plaintiff can avoid summary judgment if the evidence raises a

genuine issue of material fact as to whether the plaintiff was treated less favorably than those outside

the protected class (under 40) in nearly identical conditions, or if the evidence raises a genuine issue

of material fact as to whether the employer's stated reason for the adverse employment decision was

not what actually motivated the employer. *Moss,* 610 F.3d at 922. But, "[i]t is insufficient under

the ADEA to show that discrimination was a motivating factor; [the plaintiff] must show that age

was the 'but-for' cause of the challenged adverse employment action." *Dees v. United Rentals North*

*America, Inc.,* 505 F.App'x 302, 304 (5th Cir. Jan. 2, 2013). Moreover, where several legitimate,

non-discriminatory reasons are given for an adverse employment action, it is the plaintiff's burden

under *McDonnell Douglas* to raise a genuine issue of material fact on each stated reason.

*Machinchick v. PB Power, Inc.,* 398 F.3d 345, 351 (5th Cir. 2005) ("a plaintiff relying upon evidence

of pretext to create a fact issue on discriminatory intent falters if he fails to produce evidence

rebutting all of a defendant's proffered nondiscriminatory reasons"); *Wallace v. Methodist Hosp.,*

*Sys.,* 271 F.3d 212, 220 (5th Cir. 2001) ("The plaintiff must put forward evidence rebutting each of

the nondiscriminatory reasons the employer articulates."), *cert. denied,* 535 U.S. 1078 (2002).

Here, Cemex first argues that Jones has not established a *prima facie* case of disparate treatment discrimination because there is no evidence that he was treated differently than similarly situated employees in terms of either the number of hours he worked, or his termination for "falsifying" time records. Cemex then argues that even if Jones had, or could, establish a *prima facie* case of age discrimination, there is no summary judgment evidence that raises a genuine issue of material fact on whether its legitimate, non-discriminatory reason for Jones' termination was a pretext for age discrimination.

Cemex is correct, and Jones hardly tries to dispute, that a *prima facie* case of age discrimination cannot be made based on Jones' allegation that he was treated differently in terms of the number of hours he worked. While the summary judgment evidence shows that Jones falls within a protected class for purposes of his ADEA claim, and that discriminating against an employee in terms of the number of hours they work could constitute an adverse employment action insofar as it could affect their compensation, there is *no* summary judgment evidence that Jones actually worked any less than his younger co-workers. Jones believed that he was being scheduled by his supervisor, Clarence Turner, for fewer hours than those who were younger than he, *see* Jones Deposition at 137 (Document No. 18-2 at 23), and complained about that to Human Resources in August 2014, Jones Deposition at 166-170 (Document No. 18-2 at 29). Kristen Baxter in the Human Resources Department investigated those complaints and found them to be unsubstantiated, testifying at her deposition, "I came to the conclusion that he [Jones] was working no less hours than his counterparts." Baxter Deposition at 16 (Document No. 21 at 5). Jones has come forth with no summary judgment evidence to prove, or raise a genuine issue of material fact as to whether, he was given fewer hours than those younger than he. *See* Jones Deposition at 143-146, 149-150

(Document No. 18-2 at 24, 26). He has, therefore, not established a *prima facie* case of age discrimination related to the number of hours he worked.[3]

As for Jones' termination, it is arguable that he has established a *prima facie case* of age discrimination: he was terminated; he was qualified for the position from which he was terminated; he was within the protected class at the time of termination; and the undersigned will assume, without deciding, that Jones was arguably "otherwise" discharged because of his age. Cemex has, in response, articulated a legitimate, non-discriminatory reason for Jones' termination – his falsification of records. *See* Employee Action Form (Document No. 18-14). Cemex has come forth with summary judgment in this regard showing Jones signed time reports of temporary workers that contained inaccurate information about the hours they had worked. Jones Deposition at 172-182 (Document No. 18-2 at 30-33). Jones admits that several forms he signed did contain inaccurate reporting of hours worked by temporary employees. *Id.* Although Jones maintains that the inaccuracies were "mistakes" and not intentional conduct on his part, *see* Jones Deposition at 178-182 (Document No. 18-2 at 32-33), the inaccuracies constitute a legitimate, nondiscriminatory reason for Jones' termination, *see Rutland-Simpson v. Eli Lilly & Co.*, 575 F.App'x 314, 318 (5th

---

[3]Jones appears to now claim that it was not the number of hours that he worked as opposed to his younger co-workers, but the fact that his younger co-workers were "scheduled" to work more than he was, and he was left to make up the hours differential by volunteering to work at different locations. Jones' Deposition at 146-48, 152-153 (Document No. 18-2 at 24-26). But, because Jones appears to admit that he worked as many hours as his younger co-workers, Jones Deposition at 149-150 (Document No. 18-2 at 26), and his rate of pay was the same regardless of whether his working hours were based on hours that he was scheduled to work or hours he volunteered to work, this derivative of Jones' claim that he was working fewer hours than his younger counterparts does not constitute an adverse employment action for purposes of a disparate treatment age discrimination claim. "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014), *reh'g en banc denied*, 779 F.3d 343 (5th Cir. 2015) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004)).

Cir. 2014) ("alleged sales call/expense report falsification" was a legitimate nondiscriminatory reason for plaintiff's termination), thus shifting the burden to Jones to prove that age discrimination was the "but-for" cause of his termination. The summary judgment evidence in the record does not satisfy this burden.

Jones relies, for the most part, on the fact that Turner, the plant manager who had made ageist comments to him in the past, initiated the investigation into the time record inaccuracies, and the fact that he was terminated, as opposed to some lesser form of discipline, as evidence that he would not have been terminated but for Cemex's discrimination on the basis of his age. But, as pointed out by Cemex, Turner did not make the decision to terminate Jones, Turner's ageist comments were not necessarily age-related and were not made at any time relevant to Jones' termination, and Jones' termination, while at the far end of the discipline spectrum, was determined by William Lewis of Human Resources to be commensurate with Jones' misconduct of falsifying time records. Jones has pointed to nothing in the investigatory process or Cemex's rationale for his termination that has anything to do with his age. Nor has Jones drawn any parallel between Lewis' decision not to impose a lesser discipline and any age-based animus by anyone who had influence over Lewis and his ultimate decision to terminate Jones. *See Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470, 475-76 (5th Cir. 2015) ("To be relevant evidence considered as part of a broader circumstantial case, 'the comments must show: (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker.'").

The summary judgment evidence shows that on March 3, 2015, Turner reported to Rick Rackley, the Area Manager, his concern that certain time records were inaccurate. Rackley

9

Deposition at 30 (Document No. 18-8 at 5); Turner Deposition at 60 (Document No. 18-9 at 8).

Thereafter, on March 24, 2015, Turner contacted William Lewis in Human Resources and reported

that the questionable time records were ready to be reviewed. Turner Deposition at 60-61

(Document No. 18-9 at 8). Rick Rackley and William Lewis then reviewed the records along with

videotape footage, and determined that on at least four occasions Jones had signed time records

containing inaccurate information about the time worked by temporary workers. William Lewis

Deposition at 60-61, 72 (Document No. 18-12 at 9, 10). Jones admitted the inaccuracies and claimed

that they were mistakes on his part. Jones Deposition at 178-182 (Document No. 182 at 32-33).

William Lewis and Rackley decided and agreed that Jones' conduct was sufficiently serious to

warrant the termination of his employment, Lewis Deposition at 36-37 (Document No. 18-12 at 6),

which occurred on April 1, 2015 (Document No. 18-14, Employee Action Form, dated April 1,

2015). Lewis explained that decision at his deposition as follows:

> Because it is absolutely one hundred percent grievous. Theft and integrity are huge,
> in my opinion. A person's integrity is a person's everything. If you are willing to
> falsify records, whether it's for your own benefit or not, whether it could be proven
> that it was for your own benefit or not, falsifying records is you having a serious
> ethical issue.

Lewis Deposition at 57 (Document No. 18-12 at 8).

Whether the inaccuracies in the time records were attributable to mistakes on Jones' part or

intentional conduct is not really the issue. What is the issue is whether Jones' age was the "but for"

cause of his termination. The fact that William Lewis decided not to pursue progressive discipline

short of termination does not, in and of itself, raise an inference that Jones' age had anything to do

with the termination decision. *See e.g. Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 F.

App'x 209, 213 (5th Cir. 2018) (failure to follow progressive disciplinary policy, which was not

10

mandatory, could not suffice as evidence that raised a genuine issue of material fact on pretext where there was no evidence that the disciplinary policy was applied differently to similarly situated employees); *Kestler v. Motiva Enterprises, LLC*, 15-cv-01127, 2016 WL 852477 at *17-18 (E.D. La. Mar. 4, 2016) (where recommended disciplinary progression could be skipped for egregious conduct, and where the plaintiff's conduct was considered by his employer to be egregious, the failure to employ progressive discipline could not be considered evidence of pretext). In addition, Turner's allegedly ageist comments that Jones was slow and moved like an old man, *see* Jones' Deposition at 104, 107, 113-114 (Document No. 18-2 at 15-18), do not raise an inference that Jones' age had anything to do with his termination because Turner did not participate in the decision to terminate Jones.[4] While Turner *did* instigate the investigation into the inaccurate time records, any inferential age-based animus that could be drawn from Turner's ageist comments had no relationship to William Lewis' and Rick Rackley's decision to terminate Jones, and cannot, in any event, suffice as evidence that raises a genuine issue of material fact on pretext. *See Paulissen v. MEI Technologies, Inc.*, 942 F.Supp.2d 658, 671 (S.D. Tex. 2013) ("age-related remarks cannot be the only evidence of pretext"). As such, the summary judgment evidence does not raise a genuine issue of material fact on pretext and Cemex is, accordingly, entitled to summary judgment on Jones' disparate treatment age discrimination claim under the ADEA.

---

[4] Turner testified at his deposition that once he turned the time records over to Rackley and Lewis, "it was out of [his] hands what decision would be made." Turner Deposition at 69 (Document No. 18-9 at 9).

## IV.    Discussion – Retaliation

The anti-retaliation provisions in the ADEA prohibit "an employer from discriminating against an employee for opposing an unlawful practice or asserting a charge, testifying, assisting, or participating in an ADEA investigation or proceeding." *Goudeau*, 793 F.3d at 478; *see also* 29 U.S.C. § 623(d). "To establish a prima facie retaliation case, a plaintiff must show that '1) he engaged in protected activity; (2) he suffered an adverse employment decision; and (3) a causal link exists between the protected activity and the adverse employment action.'" *Goudeau*, 793 F.3d at 478 (quoting *Medina v. Ramsey Steel Co.* 238 F.3d 674, 684 (5ᵗʰ Cir. 2001)). "A plaintiff engages in 'protected activity' by 'oppos[ing] any practice' forbidden by the ADEA." *Gonzales v. Wells Fargo Bank, Nat'l Ass'n*, 733 F.App'x 795, 798 (5th Cir. 2018). Once a *prima facie* case of retaliation has been made, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its adverse employment action. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5ᵗʰ Cir. 1998). If the employer meets that burden, the burden shifts back to the plaintiff who must "adduce sufficient evidence that would permit a reasonable trier of fact to find that the proffered reason is a pretext for retaliation." *Id.* This means that the plaintiff has to come forth with evidence to show, or at least raise a genuine issue of material fact on whether, the adverse employment action would not have occurred "but for" the plaintiff having engaged in protected activity. *Id.* at 1123.

Here, as argued by Cemex, Jones has not established a *prima facie* case of retaliation. Jones maintains that he engaged in protected activity when he made complaints to Kristen Baxter in Human Resources in August 2014, about the number of hours he was working as compared with his co-workers. He also maintains that he engaged in protected activity on March 10, 2015, when he sent Turner the following text message complaining about the fact that Turner had called Omar

Garza in to work instead of him: "You had me off today, but you let Omar work. I should have been there with you. I do have more seniority than Omar. You always put Omar before me, and that's not company policy." Turner Deposition at 47 (Document No. 18-9 at 5). While there is summary judgment evidence in the record that Jones' complaints to Kristen Baxter could be considered protected activity, there is no causal connection, at all, between those complaints and Jones' termination over seven months later. In addition, with regard to the text message to Turner, nothing in the summary judgment record can be viewed as supporting Jones' argument that he was complaining, in that text message, about age discrimination.

First, there is no dispute in the summary judgment evidence that Jones complained to Kristen Baxter in August 2014 about the number of hours he was working as compared with his co-workers. Jones maintains that his complaints indicated, or suggested, that age discrimination was at issue. Jones Deposition at 168-170 (Document No. 18-2 at 29-30). Baxter, in her deposition, denies that Jones ever mentioned or alluded to discrimination of any kind. Baxter Deposition at 24, 28-31 (Document No. 18-10 at 6-9). Taking the summary judgment evidence in a light most favorable to Jones, Jones has established, or at least raised a genuine issue of material fact on whether, he engaged in protected activity with his complaints to Baxter. But, where Jones' *prima facie* case fails is in the "causal connection" element, with his inability to show, or raise a genuine issue of material fact, on the existence of a causal connection between his complaints to Baxter in August 2014 and his termination on April 1, 2015 for falsifying records. First, there is no temporal proximity between the two events. Second, and more importantly, the summary judgment evidence in the record is uniform that William Lewis and Rick Rackley knew nothing about Jones' August 2014 complaints to Baxter. Lewis and Rackley stated in their depositions that they knew nothing of Jones' August

13

2014 complaints to Baxter until Jones filed his EEOC complaint.  Rackley Deposition at 30-31 (Document No. 18-8 at 5); Lewis Deposition at 20 (Document No. 18-12 at 4); *see also* Lewis Declaration (Document No. 18-1 at 2) ("I conducted an investigation of Anthony Jones's falsification of time records.  I was assisted by Rick Rackley, who at that time served as Area Manager.  At the time we conducted our investigation, I had no knowledge that Jones had previously complained to Kristen Baxter or otherwise lodged a complaint concerning Clarence Turner.").  Similarly, Turner stated at his deposition that he did not know about Jones' August 2014 complaints to Baxter at the time they were made, at the time he reported the time sheet discrepancies on March 3, 2015, or at the time, on March 31, 2005, the decision was made by Rackley and Lewis to terminate Jones for falsifying records.  Turner Deposition at 44 (Document No. 18-9 at 4.  There is, therefore, no summary judgment evidence of a causal connection between Jones' August 2014 complaints to Baxter and his April 1, 2015, termination.

As for Jones' text message to Turner, while it can be viewed as a complaint about Turner's scheduling of Garza for work, it cannot be viewed as a complaint by Jones that the scheduling was based on *age* discrimination.  While Omar Garza, the person mentioned by Jones in his text as being given preferential treatment, *is* younger than Jones, nothing in Jones' text can be construed as a complaint, or an assertion, that Turner was treating Garza more favorably, and Jones less favorably, based on their relative ages.  Because Jones' March 10, 2015, text to Turner cannot be construed as protected activity, *e.g., Tratree v. BP N. Am. Pipelines, Inc.*, 277 F.App'x 390, 396 (employee did not engage in protected activity where he complained that another employee, who happened to be younger and less senior to him, was given preferential consideration for a promotion, where no mention was made that the preferential treatment was "age-based"), Jones has not alleged a *prima*

*facie* case of retaliation under the ADEA.  Cemex is, therefore, also entitled to summary judgment

on Jones' retaliation claim.

## V.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that Jones has not raised a genuine issue of

material fact on his age discrimination claim or his retaliation claim, the Magistrate Judge

RECOMMENDS that Defendant's Motion for Summary Judgment (Document No. 18) be

GRANTED and that summary judgment be GRANTED on Plaintiff's age discrimination and

retaliation claims under the ADEA.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record.  Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order

80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*,

694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d

404, 408 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the

fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass*

*v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any

written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ___ day of ~~February~~ March, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

15