IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY JONES, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-00927 |
| | § | |
| CEMEX, INC., | § | |
| *Defendant.* | § | |

## ORDER

The Court has before it the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 25) and the Plaintiff's Objections thereto (Doc. No. 26). The Court having considered all matters *de novo* hereby denies the objections and adopts the Memorandum and Recommendation. In doing so, it hereby addresses two of the major points emphasized by Plaintiff in his objections.

Jones emphasizes the comments of, and what he perceives to be the role of, Clarence Turner, his supervisor, and argues that the Magistrate Court ignored those factors. This is not accurate. The Memorandum in multiple places notes the alleged "ageisms" (comments by Turner that could be interpreted as being negative as to one's age). These by themselves do not create a fact issue. Moreover, when one analyzes the role played by Turner, either there was no evidence to support the allegations of discriminating treatment by Turner or if Turner was involved his role was such that he was not in a position to affect the situation. Even the case law cited by Plaintiff holds there must be a connection between the ageist comments and the alleged adverse employment action. That connection just does not exist under these facts.

Jones also emphasizes and argues that the fact that he was fired instead of having to face some lesser sanction was a violation of Cemex's progressive Disciplinary Action Policy and that

the alleged violation of such policy is evidence of pretext. The problem with this argument is this factual claim is not supported by the evidence. Initially, there was nothing mandatory about the policy being progressive. The Policy clearly states in part:

> Disciplinary action may take the form of varying steps and is dependent on such factors as the severity of the problem and the number of occurrences.

In this case Jones falsified multiple time records which, according to the evidence, satisfied both the severity factor and the numerosity factor.

Furthermore, the policy itself makes it clear in multiple ways that one can be fired for a first offense:

> II. <u>STATEMENT OF POLICY</u>
>
> Although employment with CEMEX is based on mutual consent, both you and **CEMEX have the right to terminate employment at any time and for any reason** or no reason, with or without advance notice. CEMEX may use progressive discipline at its discretion.
>
> x x x
>
> **CEMEX has the discretion to start the disciplinary process at any step** [in the progressive discipline plan–including termination], depending on the conduct in question. Employees need not violate the same rule or policy to warrant a more severe disciplinary step.

Finally, the Plan emphasizes:

> IV. <u>EXCEPTIONS</u>
>
> **There are certain types of employee problems that are serious enough to justify** either a suspension, or, in certain situations, **immediate termination of employment, without going through the usual progressive disciplinary actions.**

(Doc. No. 25, Ex. 5) (emphasis added).

Jones argues that his misconduct could not be serious because none of the witnesses pegged a dollar value on the losses associated with his misconduct, but that is not the test. There is no *de minimis* rule associated with dishonest conduct at work.

The Objections to the Memorandum and Recommendation (Doc. No. 26) are overruled. The Memorandum and Recommendation (Doc. No. 25) is hereby adopted. The Defendant's Motion for Summary Judgment (Doc. No. 18) is hereby granted.

SIGNED at Houston, Texas this 19th day of March, 2019.

Andrew S. Hanen
United States District Judge